Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, PC
2710 Broadway, 2nd Floor
New York, New York 10025
(212) 760-2400
swexleresq@gmail.com

Attorneys for Plaintiff

Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000
mmcpherson@mofo.com

Rebekah Kaufman
Lindsay LaSalle
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94109
(415) 268-6079
rkaufman@mofo.com
llasalle@mofo.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| YEHUDAH KATZ,<br>on behalf of himself and all<br>others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>CAPITAL ONE BANK (USA), NA,<br><br>         Defendant. | No.  12-CIV-1085<br><br>ECF Case<br><br>**JOINT INITIAL PRETRIAL REPORT** |

-----------------------------------------------------------------

I. THE PARTIES' POSITIONS ON THE APPLICABLE TOPICS OF THE "INITIAL PRETRIAL CONFERENCE CHECKLIST."

A. **Possible Limitations on Document Preservation (Including Electronically Stored Information).**

The parties do not propose limitations on the preservation of documents, including electronically stored information, nor do the parties anticipate any disputes regarding the preservation of discoverable information.

B. **Appropriateness of Initial Disclosures Pursuant to Rule 26(A)(1)**

No changes are proposed regarding initial disclosures. The parties do not believe that there is a readily identifiable document or category of documents that should be produced in lieu of initial disclosures. Initial disclosures will be exchanged on May 14, 2012.

C. **Possibility of a Stay or Limitation of Discovery Pending a Dispositive Motion.**

Defendant intends to bring an early summary judgment motion regarding the named Plaintiff's claim pursuant to 15 U.S.C. § 1693h(d), which provides a complete affirmative defense under the Electronic Fund Transfer Act (EFTA) where, as here, the alleged violation of the EFTA was caused by a third party's removal of the fee notice which had been posted (and photographed) prior to Plaintiff's alleged transaction. This motion will provide significant efficiencies given that, if the motion is granted, the case will be disposed of prior to reaching class certification. Defendant accordingly proposes that discovery be limited to Plaintiff's opposition to the summary judgment motion, and that all other discovery be stayed pending a ruling on Defendant's summary judgment motion. Plaintiff is in agreement.

D. **Possibility of Communication/Coordination Between the Magistrate Judge and District Judge With Respect to Pretrial Matters.**

The parties anticipate that the Magistrate Judge and District Judge may need to coordinate with each other with respect to pretrial matters.

E. **Preliminary Issues That Are Likely to Arise That Will Require Court Intervention.**

The parties do not anticipate any preliminary issues that are likely to require Court intervention. The parties have agreed that an early dispositive motion will be filed by Defendant and reserve all rights regarding that motion.

F. **Discovery Issues That Are Envisioned and How Discovery Disputes Will Be Resolved.**

The parties do not anticipate any discovery disputes. In the event discovery disputes do arise, they will be resolved in accordance with this Court's Standing Order regarding Pilot Project Case Management Techniques for Complex Civil Cases.

G. **Proposed Discovery Including:**

  1. **Limitations on Types of Discovery Beyond Those in the Rules (i.e., Waiver of Interrogatories, Requests for Admission, Expert Depositions).**

The parties do not anticipate placing any limitations on the types of discovery allowed by the Federal Rules of Civil Procedure. The parties have agreed, however, that all discovery will be stayed pending a ruling on Defendant's summary judgment motion regarding the named Plaintiff's claim other than discovery necessary for resolution of Defendant's anticipated summary judgment motion.

  2. **Limitations on Scope of Discovery.**

The parties contend that initial discovery should be limited to discovery necessary for resolution of Defendant's anticipated summary judgment motion ("Phase I Discovery"). Discovery regarding the merits and class certification ("Phase II Discovery") should be deferred until after the Court's ruling on Defendant's summary judgment motion.

  3. **Limitations on Timing and Sequence of Discovery.**

See above.

      **4.**    **Limitations on Restoration of Electronically-Stored Information.**

See Joint Electronic Discovery Submission No. 1.

      **5.**    **Agreement to Allow Depositions of Trial Witnesses Named if Not Already Deposed.**

The parties agree to allow the deposition of trial witnesses named if not already deposed only if the witness was not previously disclosed in sufficient time to allow their deposition prior to the applicable discovery deadline. In so agreeing, the parties do not waive their right to object to the witness at trial.

      **6.**    **Preservation Depositions.**

The parties do not anticipate any disputes regarding preservation depositions.

      **7.**    **Foreign Discovery and Issues Anticipated.**

The parties do not anticipate conducting any foreign discovery.

**H.**    **Schedule (as Appropriate and Possibly Excluding Public Agency Cases) Including:**

The parties propose the following dates for Phase I and Phase II discovery.

      **1.**    **Date(s) for Completion of Discovery.**

Phase I discovery should be complete 16 weeks from pretrial conference.

Phase II fact discovery should be complete 20 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

Phase II expert discovery should be complete 32 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

      **2.**    **Date(s) for Dispositive Motions.**

Dispositive motions regarding the named Plaintiff's claim shall be filed no later than 8 weeks from the pretrial conference. Any other dispositive motions shall be filed no later than 36 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

sf-3141262

3.  **Date(s) for Exchange for Expert Reports.**

Plaintiff's expert report shall be due 24 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

Defendant's expert report shall be due 28 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

4.  **Date(s) for Exchange of Witness Lists.**

Witness lists will be exchanged 16 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

5.  **Date(s) for Joint Preliminary Trial Reports and Final Joint Trial Reports.**

Deadline for the Joint Preliminary Trial Reports shall be 40 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim and the Final Joint Trial Report shall be due 44 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

6.  **Date for Case Management Conference.**

The Case Management Conference shall be set for 46 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

I.  **Issues to Be Tried.**

Plaintiff's Statement: Plaintiff contends that the defendant violated the EFTA for failing to place an ATM fee notice sticker on the ATM and nevertheless charges plaintiff a fee for withdrawing the money. Plaintiff contends that there is strict liability for this practice.

Defendant's Statement: Defendant denies that it has violated the EFTA. To the extent that there was not a fee notice sticker on the machine at the time of the alleged transaction, Defendant contends that the absence of a fee sticker 1) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such

error, or 2) was not intentional and was caused by a third party's removal, damage to, or alteration of the posted notice.

### 1. Ways in Which Issues Can Be Narrowed to Make Trial More Meaningful and Efficient.

<u>Plaintiff's Statement</u>: At this point in time, Plaintiff has not been provided with any information which would indicate that defendant is not liable for the acts complained of. Plaintiff has attached as an exhibit to the complaint photographs of the machine showing that there was no sticker when he made the withdrawal.

<u>Defendant's Statement</u>: Defendant expects that Plaintiff's claim can be summarily adjudicated in Defendant's favor.

### 2. Whether There Are Certain Issues as to Which a Mini-Trial Would Be Helpful.

The parties do not anticipate that there will be any issues as to which a mini-trial would be helpful.

### J. Bifurcation.

As noted above, the parties believe that discovery should be bifurcated.

### K. Class Certification Issues.

<u>Plaintiff's Statement</u>: Plaintiff contends that classes have been consistently certified in this exact context and the statute specifically contemplates class actions for violations of the EFTA. Plaintiff envisions no barriers to certification in this case.

<u>Defendant's Statement</u>: Defendant contends that class certification is not proper in this action.

### L. ADR/Mediation.

In the event Defendant's motion for summary judgment is not granted, the parties agree to mediate this action within 30 days of a ruling on Defendant's motion for summary judgment.

**M.     Possibility of Consent to Trial Before a Magistrate Judge.**

The parties do not consent to trial before a Magistrate Judge.

**N.     Pleadings, Including Sufficiency and Amendments, and the Likelihood and Timing of Amendments.**

Plaintiff's Statement: Plaintiff does not contemplate filing any amended pleadings.

Defendant' Statement: Defendant does not contemplate filing any amended pleadings.

**O.     Joinder of Additional Parties, and the Likelihood and Timing of Joinder of Additional Parties.**

Plaintiff's Statement: Plaintiff believes that Defendant is responsible for the practices complained of but discovery may reveal that other parties are responsible as well.

Defendant's Statement: As no discovery has yet occurred, Defendant is not in a position to assess whether it will seek to add other parties.

**P.     Expert Witnesses (Including Necessity or Waiver of Expert Depositions).**

The parties have not yet identified any expert witnesses, but agree that expert depositions may be required.

**Q.     Damages (Computation Issues and Timing of Damages Discovery).**

Plaintiff's Statement: Plaintiff seeks $1,000 for himself and $500,000 for the class considering the number of people affected by this practice, the fact that there was no sticker present on each of the 2 machines, the machines can easily be checked by employees of Capital One as the machines are in front of the bank and Capital One is among the largest banks in the United States.

Defendant's Statement: Plaintiff does not seek actual damages under the EFTA. To the extent that Plaintiff can prove liability under the EFTA, which Defendant denies, such damages are capped at a maximum of $500,000 under 15 U.S.C. § 1693m. Moreover, the EFTA's five factors to be considered in determining statutory damages are (1) the frequency and persistence

of noncompliance; (2) the nature of such noncompliance; (3) the resources of the defendant; (4) the number of persons adversely affected; and (5) the extent to which the noncompliance was intentional. 15 U.S.C. §1693m(b)(2). These factors all weigh in favor of a low statutory damages award here. First, there are only two ATMs at issue. Second, any alleged noncompliance was unintentional and was the result of removal of the fee sticker by a third party, and no fees were charged to any ATM user without first obtaining his or her express consent. Third, no individuals were adversely affected in any way. Defendant anticipates damages discovery will occur after a ruling has been issued on its motion for summary judgment.

    **R.**    **Final Pretrial Order (Including Possibility of Waiver of Order).**

The parties do not anticipate waiving the final pretrial order.

    **S.**    **Possible Trial-Ready Date.**

The parties anticipate that they can be ready for trial approximately 12 months from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim, and anticipate that trial will last approximately 3-5 days.

    **T.**    **Court Logistics and Mechanics (e.g., Communication With the Court, Streamlined Motion Practice, Pre-Motion Conferences, etc.).**

The parties do not anticipate any issues with respect to Court logistics and mechanics.

    **U.**    **The Need for Additional Meet and Confer Sessions, to Continue to Discuss Issues Raised at the Initial Conference Among Counsel.**

The parties do not anticipate needing an additional meet and confer session.

**II.**    **THE PARTIES' PROPOSED SCHEDULE FOR FACT AND EXPERT DISCOVERY INCLUDING:**

    **A.**    **Any Recommendations for Limiting the Production of Documents, Including Electronically Stored Information.**

See Joint Electronic Discovery Submission No. 1.

    **B.**    **Any Recommendations for Limiting Depositions, Whether by Numbers or Days of Depositions, and by the Elimination of Expert Depositions.**

The parties do not recommend limiting depositions in any way beyond the limits set forth in the Federal Rules of Civil Procedure or other applicable law.

    **C.**    **A Protocol and Schedule for Electronic Discovery, Including a Brief Description of Any Disputes Regarding the Scope of Electronic Discovery.**

See Joint Electronic Discovery Submission No. 1. The parties do not anticipate any disputes regarding electronic discovery.

    **D.**    **Whether the Parties Recommend That Expert Discovery Precede or Follow Any Summary Judgment Practice.**

Given that Defendant intends to bring an early summary judgment motion with regard to the named Plaintiff's claim, the parties recommend that expert discovery follow resolution of that motion.

    **E.**    **Whether the Parties Agree to Allow Depositions Preceding Trial of Trial Witnesses Not Already Deposed.**

As already noted above, the parties agree to allow the deposition of trial witnesses named if not already deposed only if the witness was not previously disclosed in sufficient time to allow their deposition prior to the applicable discovery deadline.

**III.**    **SETTLEMENT DISCUSSIONS OR MEDIATION.**

The parties have explored the possibility of early settlement, but have tabled the discussion in light of Capital One's intention to bring an early summary judgment motion.

sf-3141262

Dated: New York, New York          By:   /s/ _____
May 10, 2012                             Shimshon Wexler
                                         THE LAW OFFICES OF SHIMSHON
                                         WEXLER, PC
                                         2710 Broadway, 2nd Floor
                                         New York, New York 10025
                                         (212) 760-2400
                                         swexleresq@gmail.com

                                         Attorneys for Plaintiff


                                         /s/ _____
                                         Mark David McPherson
                                         MORRISON & FOERSTER LLP
                                         1290 Avenue of the Americas
                                         New York, New York 10104-0050
                                         (212) 468-8000
                                         mmcpherson@mofo.com

                                         Rebekah Kaufman (*admitted Pro Hac Vice*)
                                         Lindsay LaSalle (*admitted Pro Hac Vice*)
                                         MORRISON & FOERSTER LLP
                                         425 Market Street
                                         San Francisco, California 94109
                                         (415) 268-6079
                                         rkaufman@mofo.com
                                         llasalle@mofo.com

                                         Attorneys for Defendant