Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000
mmcpherson@mofo.com

Rebekah Kaufman (*admitted Pro Hac Vice*)
Lindsay LaSalle (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94109
(415) 268-6079
rkaufman@mofo.com
llasalle@mofo.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| YEHUDAH KATZ, on behalf of himself and all others similarly situated, | No. 12-CIV-1085 |
| | ECF Case |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CAPITAL ONE BANK (USA), NA'S MOTION FOR SUMMARY JUDGMENT** |
| CAPITAL ONE BANK (USA), NA, | |
| Defendant. | |

-----------------------------------------------------------------

Defendant Capital One Bank (USA), NA ("Capital One") submits this memorandum of law in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The facts underlying this motion are fully set forth in Capital One's Local Civil Rule 56.1 Separate Statement of Undisputed Material Facts ("UF") and are based on the Affidavits of Stephanie Estes, Juan Diaz, Michael Robson, and Kenneth Rogers.

## SUMMARY OF ARGUMENT

The Electronic Fund Transfer Act, 15 U.S.C. 1693, *et seq.* ("EFTA"), and its implementing regulations require Automated Teller Machine ("ATM") operators to provide notice on or near the machine that a fee will or may be charged for use of the ATM (hereinafter referred to as the "external fee notice") as well as either on the screen of the ATM or on a paper printout before the user is committed to paying a fee (hereinafter referred to as the "on-screen notice"). *See* 15 U.S.C. § 1693b(d)(3); 12 C.F.R. § 205.16(c). In the single count of his putative class action Complaint, Plaintiff alleges that Capital One violated the EFTA by failing to provide external fee notices on ATM terminal numbers E207 and E208 located at 520 8th Avenue, New York, New York (hereinafter referred to as the "subject ATMs").

As a threshold matter, Plaintiff does not have constitutional standing to assert an EFTA claim against Capital One because he has not, and cannot, allege an injury in fact. Plaintiff had actual notice that he would be charged a fee, and even affirmatively consented to that fee, via the on-screen notice before the fee was charged. Plaintiff has thus not suffered any injury, let alone one that was caused by the lack of an external fee notice posted on the ATMs. *See generally Charvat v. First Nat'l Bank of Wahoo*, No. 8:12CV97, 2012 U.S. Dist. LEXIS 77616, at *6 (D. Neb. June 4, 2012) (holding that the plaintiff did not have standing to pursue an EFTA claim

2

because the defendant's failure to post an external fee notice did not constitute an injury in fact to the plaintiff where the plaintiff received actual notice of the fee via the on-screen notice).

Plaintiff lacks standing for the additional reason that he concedes that he used only *one* of the two subject ATMs, and thus was not charged a fee at the ATM he did not use. Plaintiff accordingly lacks standing to pursue his EFTA claim with respect to the ATM he did not use because he did not suffer an injury arising from the purported failure to post an external fee notice on that machine.

Even if Plaintiff had standing, he cannot establish liability against Capital One. The EFTA only imposes liability on operators of ATMs. *See* 15 U.S.C. § 1693b(d)(3)(A); 12. C.F.R. § 205.16. Capital One, however, does *not* operate the subject ATMs[1] and accordingly cannot be liable under the EFTA. (*See* Def.'s Answer to Compl. ¶ 16; UF 1.) Moreover, Capital One could not be liable in any event because the EFTA specifically provides an affirmative defense where an ATM has the required external fee notice, but the notice is subsequently removed by a third party. Here, the irrefutable evidence shows that the external fee notices were posted on the subject ATMs prior to Plaintiff's transaction, and that the notices were thereafter removed by a third-party.

Capital One accordingly respectfully requests that the Court grant summary judgment in its favor.

---

[1] Capital One, N.A. is the entity that operates ATMs, including the subject ATMs at issue here. (UF 2.) Capital One, N.A. is not named in the Complaint.

sf-3157460

## FACTUAL BACKGROUND

**A.     Capital One, N.A.'s Compliance with the EFTA.**

Capital One, N.A. is a national banking institution that operates the subject ATMs. (UF 2.) Capital One, N.A. has written and internally distributed guidelines regarding compliance with the EFTA. (UF 3; Affidavit of Stephanie Estes in Support of Defendant Capital One Bank (USA), NA's Motion for Summary Judgment ("Estes Aff."), Ex. A.) Indeed, Capital One, N.A. requires that all of its ATMs, including the subject ATMs, have both an on-screen and external notice that informs users that a fee may be charged for use of the ATM. (UF 4.) Further, Capital One, N.A.'s ATMs do not charge a fee to an ATM user without first obtaining their consent via the on-screen fee notice. (UF 5.)

Capital One, N.A. has also implemented policies and procedures to ensure that external fee notices remain on its ATMs. (UF 6.) Those procedures provide for regular ATM site visits by ATA Services, LLC ("ATA"), an outside vendor with whom Capital One, N.A. contracts. (UF 7.) Pursuant to the master schedule of ATMs serviced by ATA, the subject ATMs are visited by ATA on a quarterly basis—in January, April, July, and October. (UF 8.) As part of its site visits, ATA examines each ATM to determine that its external fee notice is in place and thereafter photographs each ATM to document the existence of the fee notice. (UF 9.) With respect to the subject ATMs, ATA took photographs on April 5, 2011, July 11, 2011, October 18, 2011, and January 17, 2012. (UF 10.) On each of these dates, the required external fee notices were displayed above the Capital One logo on the topmost portion of the subject ATMs. (UF 11-18.)

On January 24, 2012, the subject ATMs were upgraded so as to comply with new Americans with Disabilities Act regulations. (UF 19.) The vendor that completed the ATM

sf-3157460

upgrades, Golden Eagle Nationwide Implementation Solutions ("Golden Eagle"), took photographs of the newly upgraded ATMs on January 24, 2012 which clearly show that the external fee notices are displayed on the left-hand side of the ATM key pads. (UF 20-21.)

**B.     Plaintiff's Transaction.**

Plaintiff claims that he used one of the subject ATMs on February 6, 2012—only thirteen days after the photographs were taken that show the external fee notices in place—and was charged a fee of $3.00 for making a withdrawal. (UF 22.)[2] In accordance with Capital One, N.A.'s policies and procedures, Plaintiff would have received an on-screen fee notice and would have been required to consent to the fee before the purported $3.00 fee was charged. (UF 5.)

**C.     Capital One's Investigation of the Subject ATMs.**

Plaintiff filed this action on February 6, 2012 and served the Complaint on Capital One on March 1, 2012. Upon becoming aware of the lawsuit (and prior to the Complaint being served), the manager of the branch outside of which the subject ATMs are located was asked to examine the ATMs to determine whether the external fee notices were in place. (UF 24.) On February 23, 2012, the branch manager reported that the external fee notice had been removed. (UF 25.) That same day, two new external fee notices were sent to the branch manager. (UF 26.) On February 27, 2012, the branch manager confirmed that the external fee notices had been replaced and provided photographs indicating that the new external fee notices had been posted on the inner left-hand side of the ATMs. (UF 27.) The site survey photographs taken by ATA thereafter in April 2012 also demonstrate that the external fee notices are in place. (UF 28-29.)

---

[2] Plaintiff does not attach a receipt to the Complaint indicating the date on which he made a withdrawal, the terminal number from which he made a withdrawal, or the fee he was charged for his alleged use of the machine. Accordingly, this fact is undisputed for the purpose of Capital One Bank (USA), NA's Motion for Summary Judgment only.

5

After the Complaint was received, Capital One, N.A. investigated the cause of the missing external fee notices. (UF 30.) As a result of that investigation, Capital One, N.A. determined that neither the branch manager nor any employees of the branch where the subject ATMs are located removed the fee notices and that no maintenance or other servicing of the subject ATMs occurred between January 24, 2012 (the last date on which photographs show the external fee notices present) and February 6, 2012 (the date of Plaintiff's alleged transaction) that could have resulted in the removal of the external fee notices. (UF 31-33.) As a result of its investigation, Capital One, N.A. determined that the external fee notices on the subject ATMs were not removed by Capital One, N.A. or at the direction of Capital One, N.A. and thus were removed by a third party. (UF 34-36.)

Moreover, the external fee notices did not fall off the subject ATMs. (UF 38.) The adhesive used to apply the external fee notices ensures that fee notices remain on the ATMs and can only be removed by physical force (and generally requires the use of a razor blade or other similar tool). (UF 37.) Further, the external fee notices on the subject ATMs were not placed on the face of the machines, but at the time Plaintiff made his alleged withdrawal were instead located on the top side of a flat ledge extending from the ATM machine. (UF 38.) The external fee notices would not be able to fall off the machines from this placement. (*Id.*)

## ARGUMENT

### A.   Legal Standard.

Summary judgment "shall be rendered forthwith" where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Whether a fact is "material" is determined by the substance of law involved in the particular case, and a fact will only be considered genuinely disputed "if the evidence is such that

6

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"While doubts must be resolved in favor of the party opposing the motion, the opposing party must provide concrete particulars showing that a trial is needed, and it is not sufficient merely to assert a conclusion without supplying supporting arguments or facts in opposition to that motion." *R.G. Grp. v. Horn & Hardant Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotations omitted). The plaintiff must go beyond the pleadings to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 256. The plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### B. Plaintiff Cannot Prevail on His EFTA Claim.

#### 1. Plaintiff Does Not Have Standing to Bring an EFTA Claim.

To have standing "a plaintiff is constitutionally required to have suffered [] a concrete, particularized, and actual or imminent injury-in-fact . . . ." *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). Here, Plaintiff does not allege that he suffered an actual injury arising from the lack of an external fee notice, nor does he seek to recover actual damages. Plaintiff instead seeks the recovery of statutory damages under the EFTA for failure to post the external fee notice. The court in *Charvat* recently held, however, that such allegations are insufficient to confer standing to bring a claim under the EFTA. 2012 U.S. Dist. LEXIS 77616 at *6.[3] Although the court recognized that "Congress can create a legal right sufficient for

---

[3] Despite its holding, the court stayed the proceedings in light of the Supreme Court's grant of certiorari in *First Am. Fin. Corp. v. Edwards*, 610 F.3d 514 (9th Cir. 2010). The Supreme Court, however, dismissed the case on the ground that certiorari was improvidently granted. *First Am. Fin. Corp. v. Edwards*, No. 10-708, 2012 U.S. LEXIS 4875 (U.S. June 28, 2012). The holding in *Charvat* thus remains intact.

sf-3157460

standing under the EFTA," the court noted that a plaintiff "must still allege a 'distinct and palpable injury to himself.'" *Id.* at \*5-6.  The court further noted that "the provision for actual and statutory damages in the EFTA does not automatically mean that a litigant is entitled to damages when he has alleged no injury in fact" because "[a]uthorization of statutory damages is unrelated to *injury*." *Id.* (emphasis in original).  Because the plaintiff was aware that a fee would be imposed for his withdrawal via the on-screen notice, the only alleged "injury" was a statutory violation of the EFTA based on the defendant's failure to provide an external fee notice.  *Id.* at \*2, \*8.  The court therefore concluded that "[the defendant's] failure to give a notice to which [the plaintiff] was statutorily entitled [does not] in itself constitute[] an injury in fact to [the plaintiff]" and the plaintiff lacked standing because he failed to "allege an injury in fact that was *caused by* the lack of an exterior fee notice on the ATM." *Id.* at \*6, \*7 (emphasis added); *see also Kendall v. Employees Retirement Plan of Avon Products*, 561 F.3d 112 (2d Cir. 2009) (plaintiff lacked constitutional standing to sue under the Employee Retirement Income Security Act in the absence of an alleged injury in fact distinct from the statutory violation).

Similarly, here, the sole basis of Plaintiff's claim is that the subject ATMs lacked an external fee notice.  (Compl. ¶¶ 19, 22, 34-35.)  Plaintiff received an on-screen notice of the fee and was required to consent to that fee before it was charged.  (UF 5.)  Thus, Plaintiff did not suffer an injury, much less one that was *caused by* the lack of an external fee notice on the subject ATMs.  Plaintiff accordingly lacks Article III standing.

Moreover, Plaintiff only alleges that he used *one* of the two subject ATMs.  (UF 22.)  Plaintiff has no standing to pursue an EFTA claim based on an ATM that he did not use and for which he was never charged a fee.  Plaintiff has suffered no injury at all with respect to the lack of an external fee notice on the ATM that he did not use, and therefore has no grounds for

bringing an EFTA claim based on it.  *See generally* 15 U.S.C. § 1693b(d)(3); 12 C.F.R. § 205.16(c).

### 2.   Capital One Cannot be Held Liable on Plaintiff's EFTA Claim.

Even if Plaintiff had standing to pursue his EFTA claim, Capital One cannot be held liable under the EFTA.  First, Capital One does not operate the subject ATMs and thus is not subject to the EFTA.  *See* 15 U.S.C. § 1693b(d)(3)(A) (The EFTA only imposes liability on operators of ATMs); (Def.'s Answer to Compl. ¶ 16; UF 1.)

Second, the EFTA provides a complete defense to liability where, as here, an external fee notice was placed on the ATM and was thereafter removed by a third party.  *See* 15 U.S.C. § 1693h(d); *Piontek v. Penn Sec. Bank & Trust Co.*, No. 3:10-CV-1038, 2011 U.S. Dist. LEXIS 27967, at *10 (M.D. Pa. Jan. 13, 2011) (removal by a third party is a complete defense to liability under the EFTA); *Riviello v. Pa. State Emples. Credit Union*, No. 1:11-cv-1533, 2012 U.S. Dist. LEXIS 44025, at *10 (M.D. Pa. Mar. 28, 2012) (same); *see also generally Bartashnik v. Bridgeview Bancorp, Inc.*, No. 05 C 2731, 2005 U.S. Dist. LEXIS 33657, at *8 (N.D. Ill. Dec. 15, 2005) (noting that the EFTA is not a strict liability statute).  Specifically, the EFTA states:

> If the notice required to be posted pursuant to section 1693b(d)(3)(i) of this title by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title.

15 U.S.C. § 1693h(d).

Here, it is undisputed that the external fee notices were posted on the subject ATMs in compliance with the EFTA.  (UF 11-18, 20-21.)  Capital One, N.A. requires that all of its ATMs have an external fee notice and contracts with a third party to routinely examine the ATMs to insure that the fee notices remain on the ATMs.  (UF 4, 6-7.)  Routine examinations of the

9

subject ATMs demonstrate that there were external fee notices on the ATMs on April 5, 2011, July 11, 2011, October 18, 2011, January 17, 2012, and January 24, 2012—the latter of which is a mere thirteen days prior to Plaintiff's alleged transaction.  (UF 11-18, 20-21.)

Moreover, the uncontroverted evidence demonstrates that the external fee notices were removed by a third-party.  (UF 36.)  Capital one, N.A. did not direct any person or entity to remove the fee notices.  (UF 34.)  Neither the branch manager nor any of the employees at the branch outside of which the ATMs are located removed the fee notices.  (UF 31-32.)  No maintenance or other servicing of the subject ATMs occurred between January 24, 2012 and February 6, 2012 that could have resulted in the removal of the external fee notices.  (UF 33.)  Finally, the strong adhesive used to post the external fee notices combined with the placement of the fee notices on the top surface of the flat ledge extending from the subject ATMs demonstrates that the fee notices did not fall off the ATMs.  (UF 37-38.)

Although no court in the Second Circuit has addressed this affirmative defense, courts in other circuits have held that summary judgment is warranted under facts similar to those here.  In *Piontek*, for example, the plaintiff asserted an EFTA claim against a bank based on its failure to post the required external fee notice on or near the ATM that the plaintiff used.  2011 U.S. Dist. LEXIS 27967 at *1.  The court granted summary judgment under 15 U.S.C. § 1693h(d) based on the uncontroverted affidavit of a bank employee that: (1) an external fee notice had been posted on the ATM in 2003, (2) he had visited the ATM and determined that the notice had been removed, and (3) after an investigation, he was of the opinion that the notice was removed by a third-party.  *Id.* at *9.  The court explained that the affidavit and supporting photographs "tend to show that the required external notice was posted on the ATM in question and that the notice was removed by some third party."  *Id.* at *10.  Because the plaintiff failed to produce any

evidence that "would tend to show that the external notice was never posted on the ATM, or if it was, that it was removed by defendant itself," the court granted summary judgment in the defendant's favor. *Id.* at *11.

In a similar case, the defendants submitted various affidavits and photographs in support of their section 1693h(d) defense showing that: "(1) they complied with the EFTA insofar as they affixed a compliant Fee Notice to the ATM in 2006, (2) none of Defendants' employees removed the Fee Notice, and (3) when Defendants' employees noticed the sticker was missing during a routine examination of the ATM, a new Fee Notice was promptly affixed." *Riviello*, 2012 U.S. Dist. LEXIS 44025 at *6-7. In response, the plaintiff merely "restate[d] the factual allegations tendered in his Complaint, and [did] not offer any rebuttal of Defendants' defense under § 1693h(d)." *Id.* at *10. The court accordingly granted summary judgment because the defendants' uncontroverted affidavits "require a finding that some third-party, and not the Defendants, removed the required Fee Notice from the ATM." *Id.*

The Court in *Reyes v. Cole Taylor Bank*, No. 10-CV-2181, 2011 U.S. Dist. LEXIS 93533 (N.D. Ill. Aug. 22, 2011), also granted summary judgment in favor of the defendant bank under 15 U.S.C. § 1693h(d). There, the court noted that because it was undisputed that the "proper notice was in place from at least early 2009," the only question was who removed the notice. *Id.* at *9. In that regard, the court explained that the statement of the bank's 30(b)(6) witness that it "inventoried all of its ATMs [after the plaintiff filed suit], [and] discovered that the updated notice *had been removed* from the … ATM" clearly implied that a third-party removed the sticker. *Id.* at *12 ("While not explicitly referencing a third party, the clear implication of the 30(b)(6) deponent saying that [the bank] "found that the sticker had been removed" is that it was not [the bank], but a third party, who did the removing."). Because the deponent's statement was

undisputed by anything other than the plaintiff's speculation, the court held that summary judgment was proper. *Id.* at *12-13.

Finally, in *Ramsey v. Cardtronics USA, Inc.*, No. 11-CV-1511 BEN (BLM), 2012 U.S. Dist. LEXIS 67228, at *9-10 (S.D. Cal. May 11, 2012), the court held that summary judgment was warranted where the "business records for the ATM at issue establish that [the defendant] applied the required fee notice to the machine," and where the defendant did not have any record of "removing the Network Decal on the ATM at issue here" or "of its vendor removing the Network Decal from the ATM at issue." In so holding, the court explained that the defendants undisputed affidavits "established that the Network Decal was removed by a third-party." *Id.*

Capital One has likewise established that the external fee notices were on the subject ATMs prior to Plaintiff's transaction, and that the external fee notices were subsequently removed by a third-party. Summary judgment should similarly be granted here.

## **CONCLUSION**

For the foregoing reasons, Capital One Bank (USA), N.A. respectfully requests that the Court grant summary judgment in its favor.

Dated: New York, New York  By: /s/ Mark David McPherson
       July 5, 2012

Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000
mmcpherson@mofo.com

Rebekah Kaufman (*admitted Pro Hac Vice*)
Lindsay LaSalle (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94109
(415) 268-6079
rkaufman@mofo.com
llasalle@mofo.com

Attorneys for Defendant