


Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000
mmcpherson@mofo.com

Rebekah Kaufman (*admitted Pro Hac Vice*)
Lindsay LaSalle (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94109
(415) 268-6079
rkaufman@mofo.com
llasalle@mofo.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| YEHUDAH KATZ,<br>on behalf of himself and all<br>others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>CAPITAL ONE BANK (USA), NA,<br><br>        Defendant. | Number  12-CIV-1085<br><br>ECF Case<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT CAPITAL ONE BANK (USA), NA'S MOTION FOR SUMMARY JUDGMENT** |

---

Pursuant to Local Civil Rule 56.1, Defendant Capital One Bank (USA), NA submits the following Separate Statement of Undisputed Materials Facts in support of its Motion for Summary Judgment.

**DEFENDANT CAPITAL ONE BANK (USA), NA'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| Defendant's Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| --- | --- |
| 1.      Defendant Capital One Bank (USA), NA ("Capital One Bank") does not operate ATM Terminal Numbers E207 and E208 located at 520 8th Avenue, New York, New York as identified in the Complaint (hereinafter referred to as the "subject ATMs").<br><br>Estes Aff. ¶ 3. | |
| 2.      Capital One, N.A. is a national bank that owns and operates ATMs in various locations, including the subject ATMs.<br><br>Estes Aff. ¶ 3. | |
| 3.      Capital One, N.A. has written and internally distributed guidelines regarding the notice requirements of the Electronic Fund Transfer Act ("EFTA") and its implementing regulations.<br><br>Estes Aff. ¶ 4. | |
| 4.      Upon installation, all ATMs, including the subject ATMs, are required to display both an on-screen and external notice that a fee may be charged.<br><br>Estes Aff. ¶ 5. | |
| 5.      No fee is charged for use of an ATM unless the user first consents to the fee via the on-screen fee notice.<br><br>Estes Aff. ¶ 6. | |
| 6.      Capital One, N.A. has implemented policies and procedures to ensure that external fee notices remain on its ATMs.<br><br>Estes Aff. ¶ 7; *see also* Estes Aff., Ex. A. | |

| Defendant's Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| 7.      ATA Services, LLC ("ATA") performs regular ATM site survey visits for Capital One, N.A.<br><br>Estes Aff., Ex. A. | |
| 8.      The subject ATMs are visited by ATA Services, LLC ("ATA") on a quarterly basis—in January, April, July, and October.<br><br>Robson Aff. ¶ 5. | |
| 9.      ATA examines and photographs each ATM as part of its site survey visits for Capital One.<br><br>Estes Aff., Ex. A; Robson Aff. ¶ 6. | |
| 10.     ATA photographed the subject ATMs on April 5, 2011, July 11, 2011, October 15, 2011, January 17, 2012, and April 29, 2012.<br><br>Robson Aff. ¶ 9. | |
| 11.     On April 5, 2011, ATM Terminal Number E207 displayed an external fee notice above the Capital One logo on the topmost portion of the ATM.<br><br>Robson Aff., Ex. A. | |
| 12.     On April 5, 2011, ATM Terminal Number E208 displayed an external fee notice above the Capital One logo on the topmost portion of the ATM.<br><br>Robson Aff., Ex. B. | |
| 13.     On July 11, 2011, ATM Terminal Number E207 displayed an external fee notice above the Capital One logo on the topmost portion of the ATM.<br><br>Robson Aff., Ex. C. | |

| Defendant's Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| 14.     On July 11, 2011, ATM Terminal Number E208 displayed an external fee notice above the Capital One logo on the topmost portion of the ATM.<br><br>Robson Aff., Ex. D. | |
| 15.     On October 18, 2011, ATM Terminal Number E207 displayed an external fee notice above the Capital One logo on the topmost portion of the ATM.<br><br>Robson Aff., Ex. E. | |
| 16.     On October 18, 2011, ATM Terminal Number E208 displayed an external fee notice above the Capital One logo on the topmost portion of the ATM.<br><br>Robson Aff., Ex. F. | |
| 17.     On January 17, 2012, ATM Terminal Number E207 displayed an external fee notice above the Capital One logo on the topmost portion of the ATM.<br><br>Robson Aff., Ex. G. | |
| 18.     On January 17, 2012, ATM Terminal Number E208 displayed an external fee notice above the Capital One logo on the topmost portion of the ATM.<br><br>Robson Aff., Ex. H. | |
| 19.     On January 24, 2012, the subject ATMs were upgraded so as to comply with new Americans with Disabilities Act regulations.<br><br>Estes Aff. ¶ 10; Rogers Aff. ¶ 5. | |

| Defendant's Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| 20.     On January 24, 2012, ATM Terminal Number E207 displayed an external fee notice on the left-hand side of the ATM keypad.<br><br>Rogers Aff., Ex. A. | |
| 21.     On January 24, 2012, ATM Terminal Number E208 displayed an external fee notice on the left-hand side of the ATM keypad.<br><br>Rogers Aff., Ex. B. | |
| 22.     Plaintiff contends that he used one of the two subject ATMs on February 6, 2012 and was charged a fee of $3.00 for making a withdrawal from the ATM.<br><br>Compl. ¶ 17. | |
| 23.     The subject ATM machines are located outside the Capital One branch at 520 8th Avenue, New York, New York.<br><br>Diaz Aff. ¶ 1. | |
| 24.     After Capital One became aware of the Complaint but prior to its service, the manager of the branch where the subject ATMs are located was contacted to determine whether the ATMs were missing a fee sticker.<br><br>Estes Aff. ¶ 13; Diaz Aff. ¶ 3. | |
| 25.     On February 23, 2012, the manager of the branch where the subject ATMs are located provided confirmation that the external fee notices were missing from the subject ATMs.<br><br>Estes Aff. ¶ 14; Diaz Aff. ¶ 4. | |
| 26.     On February 23, 2012, two new external fee notices were mailed to the branch via Federal Express.<br><br>Estes Aff. ¶ 15. | |

sf-3157474

| Defendant's Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| 27.   The branch manager confirmed that he posted the external fee notices on the subject ATMs on February 27, 2012 and provided photographs indicating their replacement.<br><br>Estes Aff. ¶ 16; Diaz Aff. ¶ 5-6; Diaz Aff., Ex. A. | |
| 28.   On April 29, 2012, ATM Terminal Number E207 displayed an external fee notice on the inner left-hand side of the ATM.<br><br>Robson Aff., Ex. I. | |
| 29.   On April 29, 2012, ATM Terminal Number E208 displayed an external fee notice on the inner left-hand side of the ATM.<br><br>Robson Aff., Ex. J. | |
| 30.   Capital One has conducted an investigation into the cause of the missing external fee notices.<br><br>Estes Aff. ¶ 18. | |
| 31.   The branch manager was contacted and asked to determine whether one of the branch employees removed the external fee notices.<br><br>Estes Aff. ¶ 19; Diaz Aff. ¶ 8. | |
| 32.   After inquiry and investigation, the branch manager determined that no Capital One employee at the branch removed the external fee notices.<br><br>Estes Aff. ¶ 20; Diaz Aff. ¶ 9. | |

| Defendant's Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| 33. No maintenance or other servicing of the subject ATMs occurred between January 24, 2012 and February 6, 2012 that could have resulted in the removal of the external fee notices.<br><br>Estes Aff. ¶ 21. | |
| 34. Capital One, N.A. did not direct any other person or entity to remove the external fee notices from the subject ATMs between January 24, 2012 and February 6, 2012.<br><br>Estes Aff. ¶ 22. | |
| 35. The external fee notices on the subject ATMs were not removed by Capital One, N.A. or at the direction of Capital One, N.A.<br><br>Estes Aff. ¶ 23. | |
| 36. Capital One concluded that the external fee notices were removed by a third-party.<br><br>Estes Aff. ¶ 23. | |
| 37. The adhesive used to apply the external fee notices ensures that fee notices remain on the ATMs and can only be removed by physical force (and generally requires the use of a razor blade or other similar tool).<br><br>Estes Aff. ¶ 24. | |
| 38. The external fee notices on the subject ATMs were not placed on the face of the machines, but were instead posted on the flat side of a ledge extending from the ATM machine at the time Plaintiff made his withdrawal, and would not have been able to fall off the subject ATMs from this placement.<br><br>Estes Aff. ¶ 25; Rogers Aff., Ex. A-B. | |

sf-3157474

| | | |
|---|---|---|
| Dated: New York, New York<br>July 5, 2012 | By: | /s/ Mark David McPherson<br>Mark David McPherson<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104-0050<br>(212) 468-8000<br>mmcpherson@mofo.com<br><br>Rebekah Kaufman (*admitted Pro Hac Vice*)<br>Lindsay LaSalle (*admitted Pro Hac Vice*)<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94109<br>(415) 268-6079<br>rkaufman@mofo.com<br>llasalle@mofo.com<br><br>Attorneys for Defendant |

sf-3157474