Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000
mmcpherson@mofo.com

Rebekah Kaufman (*admitted Pro Hac Vice*)
Lindsay LaSalle (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94109
(415) 268-6079
rkaufman@mofo.com
llasalle@mofo.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

YEHUDAH KATZ,
on behalf of himself and all
others similarly situated,

                Plaintiff,

v.

CAPITAL ONE BANK (USA), NA,

                Defendant.

-------------------------------------------------------------------

No. 12-CIV-1085

ECF Case

**AFFIDAVIT OF STEPHANIE ESTES IN SUPPORT OF DEFENDANT CAPITAL ONE BANK (USA), NA'S MOTION FOR SUMMARY JUDGMENT**

      I, STEPHANIE ESTES, hereby state the following:

      1.      I am a Manager in the Project Management Group for Capital One, N.A. I make this affidavit in support of Defendant Capital One Bank (USA), NA's Motion for Summary Judgment. I have personal knowledge of the facts stated herein, and they are all true and correct, and, if called as a witness, I could and would testify competently to the matters stated herein.

2. As a Manager in the Project Management Group for Capital One, N.A., I have been responsible for the Automated Teller Machine ("ATM") upgrades of Capital One, N.A.'s fleet as a result of new American with Disabilities Act regulations. I have also become familiar with the notice requirements of the Electronic Fund Transfer Act ("EFTA"), and with Capital One, N.A.'s policies and procedures regarding compliance with the EFTA. In my role as a Manager in the Project Management Group, I have been responsible for ensuring that Capital One, N.A.'s ATMs had external fee notices posted and that the notices remained on the ATMs. To the extent that Capital One, N.A. was alerted that an external fee notice was missing, I would conduct, or cause to be conducted, an investigation into the missing external fee notice, and ensure that the external fee notice was replaced.

3. Capital One, N.A. ("Capital One") is a national bank that operates ATMs throughout the United States, including ATM Terminal Numbers E207 and E208 located at 520 8th Avenue, New York, New York as identified in the Complaint (hereinafter referred to as the "subject ATMs"). Defendant Capital One Bank (USA), NA does not operate the subject ATMs.

4. Capital One, N.A. has written and internally distributed guidelines regarding the notice requirements of the Electronic Fund Transfer Act ("EFTA") and its implementing regulations.

5. Upon installation, all Capital One ATMs, including the subject ATMs, are required to display both an on-screen and external notice that a fee may be charged.

6. No fee is charged for use of an ATM unless the user first consents to the fee via the on-screen fee notice.

7. Capital One, N.A. has also implemented policies and procedures to ensure that external fee notices remain on ATMs.

8. Attached hereto as Exhibit A is a true and correct copy of excerpts from Capital One, N.A. Deposit Operations ATM Quality Assurance Monitory Procedures, dated March 31, 2011.

sf-3157477

9. I reviewed Exhibits A-H attached to the Affidavit of Michael Robson in Support of Defendant Capital One Bank (USA), NA's Motion for Summary Judgment in connection with my investigation into the cause of the missing external fee notices on the subject ATMs, and determined that the external fee notices on the subject ATMs were integrated with the "network logo decal" and were displayed on the topmost portion of the ATMs above Capital One's logo.

10. The subject ATMs were upgraded by a Capital One, N.A. vendor, Golden Eagle Nationwide Implementation Solutions ("Golden Eagle"), on January 24, 2012, as part of Capital One N.A.'s nationwide effort to comply with new Americans with Disabilities Act regulations.

11. Capital One, N.A. required Golden Eagle to take photographs of each ATM that it upgraded.

12. I reviewed Exhibits A-B attached to the Affidavit of Kenneth Rogers in Support of Defendant Capital One Bank (USA), NA's Motion for Summary Judgment in connection with my role as Manager in the Project Management Group for the Americans with Disabilities Act regulations ATM upgrades, and determined that the external fee notice is located on the left-hand side of the keypad on the subject ATMs, while the "network logo decal" is located on the right-hand side of the keypad.

13. Upon becoming aware of this lawsuit, I reached out to the manager of the branch where the subject ATMs are located, Juan Diaz, and asked him to determine whether the external fee notices were missing from the ATMs.

14. On February 23, 2012, Mr. Diaz confirmed that the external fee notices were missing from the subject ATMs.

15. On February 23, 2012, I caused two new external fee notices to be sent to Mr. Diaz via Federal Express mail so that the notices could be replaced on the ATMs.

16. On February 27, 2012, Mr. Diaz provided me with confirmation that the external fee notices on the subject ATMs were replaced.

17. On February 27, 2012, Mr. Diaz provided photographs of the subject ATMs indicating that the external fee notices had been replaced.

sf-3157477

18. I also conducted an investigation to determine the cause of the missing external fee notices.

19. I asked Mr. Diaz to determine whether any of the branch employees removed the external fee notices.

20. Mr. Diaz reported that he concluded that a branch employee did not remove the external fee notices based on his investigation and inquiry of the branch employees.

21. I investigated whether Capital One conducted any maintenance or other servicing of the subject ATMs between January 24, 2012 and February 6, 2012 that could have resulted in the removal of the external fee notices, and determined that no maintenance or other servicing occurred during that period.

22. I also determined, after investigation, that Capital One did not direct any other party to remove the external fee notices from the subject ATMs between January 24, 2012 and February 6, 2012.

23. As a result of my investigation, I have concluded that the external fee notices on the subject ATMs were not removed by Capital One or at the direction of Capital One and instead were removed by a third party.

24. The adhesive used to apply external fee notices to Capital One ATMs ensures that fee notices remain on the ATMs and can only be removed by external force, and generally requires the use of a razor blade or other similar tool to remove a notice.

25. Based on my review of the photographs taken by Golden Eagle, I determined that because the external fee notices on the subject ATMs were not placed on the face of the machines, but were instead posted on the flat side of a ledge extending from the ATM machine at the time Plaintiff made his withdrawal, the external fee notices would not have been able to simply fall off the subject ATMs.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct. Executed this 30TH day of June, 2012 in Richmond, VA.

_____
Stephanie Estes