USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-7-12

The Law Offices of Shimshon Wexler, PC
PO Box 250870
New York, New York 10025
Tel (212)760-2400
Fax (917)512-6132
swexleresq@gmail.com



July 30th, 2012

VIA FAX NO.: (212) 805-6191

Hon. Barbara S. Jones, U.S.D.J.
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   *Katz v. Capital One, NA*- S.D.N.Y. Case No. 12-CV-1085-BSJ-RLE

Dear Judge Jones:

     I am the attorney for plaintiff in this action. I would like to immediately bring to the Court's attention a serious error in Defendant's Reply in Support of Motion for Summary Judgment which was filed today. Defendant claims that plaintiff's opposition to its Motion for Summary Judgment was due on Monday, July 23rd, 2012. This is not true. Plaintiff's opposition to Defendant's Summary Judgment Motion is not due until Plaintiff has had the opportunity to conduct discovery related to defendant's Summary Judgment Motion (See page 2 of the Joint Initial Pretrial Report filed in this case). The parties had agreed that the discovery related to Defendant's Motion for Summary Judgment would be complete 16 weeks from the pretrial conference (See page 4 of the Joint Initial Pretrial Report). The initial conference was held on May 17th, 2012 before Judge Ellis, therefore, plaintiff has until September 6th, 2012 to complete discovery. Further, at the May 17th, 2012 conference Judge Ellis gave plaintiff 2 weeks after the completion of the September 6th, 2012 discovery deadline to file his opposition to defendant's Summary Judgment motion.

     In conclusion, the schedule that Judge Ellis set did not allow defendant to file its Reply in Support of Motion for Summary Judgment at this time as plaintiff still has time to conduct discovery and submit his opposition papers. In fact, plaintiff has propounded discovery requests on July 9th which have not been answered and which are essential to plaintiff opposing this summary judgment motion.

Respectfully Yours,

Shimshon Wexler

cc: By fax and email Mark David McPherson; Rebekah Kaufman and Lindsay LaSalle
    By overnight mail: Judge Ellis

**SO ORDERED**

Ronald Ellis  8-7-12

MAGISTRATE JUDGE RONALD L. ELLIS

Shimshon Wexler
THE LAW OFFICES OF SHIMSHON
WEXLER, PC
2710 Broadway, 2nd Floor
New York, New York 10025
(212) 760-2400
swexleresq@gmail.com

Attorneys for Plaintiff

Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000
mmcpherson@mofo.com

Rebekah Kaufman
Lindsay LaSalle
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94109
(415) 268-6079
rkaufman@mofo.com
llasalle@mofo.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

YEHUDAH KATZ,
on behalf of himself and all
others similarly situated,

                Plaintiff,

   v.

CAPITAL ONE BANK (USA), NA,

                Defendant.

--------------------------------------------------------

No. 12-CIV-1085

ECF Case

**JOINT INITIAL PRETRIAL REPORT**

sf-3141262

## I. THE PARTIES' POSITIONS ON THE APPLICABLE TOPICS OF THE "INITIAL PRETRIAL CONFERENCE CHECKLIST."

### A. Possible Limitations on Document Preservation (Including Electronically Stored Information).

The parties do not propose limitations on the preservation of documents, including electronically stored information, nor do the parties anticipate any disputes regarding the preservation of discoverable information.

### B. Appropriateness of Initial Disclosures Pursuant to Rule 26(A)(1)

No changes are proposed regarding initial disclosures. The parties do not believe that there is a readily identifiable document or category of documents that should be produced in lieu of initial disclosures. Initial disclosures will be exchanged on May 14, 2012.

### C. Possibility of a Stay or Limitation of Discovery Pending a Dispositive Motion.

Defendant intends to bring an early summary judgment motion regarding the named Plaintiff's claim pursuant to 15 U.S.C. § 1693h(d), which provides a complete affirmative defense under the Electronic Fund Transfer Act (EFTA) where, as here, the alleged violation of the EFTA was caused by a third party's removal of the fee notice which had been posted (and photographed) prior to Plaintiff's alleged transaction. This motion will provide significant efficiencies given that, if the motion is granted, the case will be disposed of prior to reaching class certification. Defendant accordingly proposes that discovery be limited to Plaintiff's opposition to the summary judgment motion, and that all other discovery be stayed pending a ruling on Defendant's summary judgment motion. Plaintiff is in agreement.



### D. Possibility of Communication/Coordination Between the Magistrate Judge and District Judge With Respect to Pretrial Matters.

The parties anticipate that the Magistrate Judge and District Judge may need to coordinate with each other with respect to pretrial matters.

2

sf-3141262

### E. Preliminary Issues That Are Likely to Arise That Will Require Court Intervention.

The parties do not anticipate any preliminary issues that are likely to require Court intervention. The parties have agreed that an early dispositive motion will be filed by Defendant and reserve all rights regarding that motion.

### F. Discovery Issues That Are Envisioned and How Discovery Disputes Will Be Resolved.

The parties do not anticipate any discovery disputes. In the event discovery disputes do arise, they will be resolved in accordance with this Court's Standing Order regarding Pilot Project Case Management Techniques for Complex Civil Cases.

### G. Proposed Discovery Including:

#### 1. Limitations on Types of Discovery Beyond Those in the Rules (i.e., Waiver of Interrogatories, Requests for Admission, Expert Depositions).

The parties do not anticipate placing any limitations on the types of discovery allowed by the Federal Rules of Civil Procedure. The parties have agreed, however, that all discovery will be stayed pending a ruling on Defendant's summary judgment motion regarding the named Plaintiff's claim other than discovery necessary for resolution of Defendant's anticipated summary judgment motion.

#### 2. Limitations on Scope of Discovery.

The parties contend that initial discovery should be limited to discovery necessary for resolution of Defendant's anticipated summary judgment motion ("Phase I Discovery"). Discovery regarding the merits and class certification ("Phase II Discovery") should be deferred until after the Court's ruling on Defendant's summary judgment motion.

#### 3. Limitations on Timing and Sequence of Discovery.

See above.

### 4. Limitations on Restoration of Electronically-Stored Information.

See Joint Electronic Discovery Submission No. 1.

### 5. Agreement to Allow Depositions of Trial Witnesses Named if Not Already Deposed.

The parties agree to allow the deposition of trial witnesses named if not already deposed only if the witness was not previously disclosed in sufficient time to allow their deposition prior to the applicable discovery deadline. In so agreeing, the parties do not waive their right to object to the witness at trial.

### 6. Preservation Depositions.

The parties do not anticipate any disputes regarding preservation depositions.

### 7. Foreign Discovery and Issues Anticipated.

The parties do not anticipate conducting any foreign discovery.

## H. Schedule (as Appropriate and Possibly Excluding Public Agency Cases) Including:

The parties propose the following dates for Phase I and Phase II discovery.

### 1. Date(s) for Completion of Discovery.

Phase I discovery should be complete 16 weeks from pretrial conference.

Phase II fact discovery should be complete 20 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

Phase II expert discovery should be complete 32 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

### 2. Date(s) for Dispositive Motions.

Dispositive motions regarding the named Plaintiff's claim shall be filed no later than 8 weeks from the pretrial conference. Any other dispositive motions shall be filed no later than 36 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

4

sf-3141262